UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUBEN C. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14CV1659 JAR |
| | ) |
| MISSOURI PUBLIC DEFENDER OFFICE, et al., | ) |
| | ) |
| Respondents, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It appears from the face of the petition that jurisdiction does not exist. As a result, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

Petitioner has completed serving a twenty-five-year prison sentence for first degree robbery. While he was incarcerated, petitioner brought several successive habeas petitions in this Court. See, e.g., Jones v. Missouri, 4:09CV1836 ERW (E.D. Mo.). In the instant petition, petitioner names the Missouri Public Defender Office, David Angle, and Emmet D. Queener as respondents. Petitioner claims that his public defender did not show up for court and was therefore ineffective. And petitioner states, in a wholly conclusory manner, that he was falsely imprisoned because the charges were false. Petitioner seeks monetary relief.

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490

U.S. 488, 490-91 (1989). Where, as is the case here, the sentence under challenge has fully expired, the custody requirement is not met. Id. As a result, it appears that the Court does not have jurisdiction over the petition, and the Court will direct petitioner to show cause why the case should not be summarily dismissed. See Fed. R. Civ. P. 12(h)(3); Rule 4 of the Rules Governing § 2254 Cases.

Additionally, even if petitioner is in custody, the petition should be dismissed as successive because petitioner has not obtained permission from the appellate court to file it.

Finally, the Court notes that even if it were to construe petitioner's false imprisonment claim as a civil action under 42 U.S.C. § 1983, petitioner would not be entitled to relief. A plaintiff may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Where there has been a conviction, false imprisonment claims are barred by Heck. Anderson v. Franklin County, Mo., 192 F.3d 1125, 1131 (8th Cir. 1999). Petitioner has not alleged that his conviction was overturned in state postconviction proceedings. As a result, he may not recover damages on his false imprisonment claim, and the interests of justice do not require the Court to construe this action as falling under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, no later than fourteen (14) days from the date of this Order, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if petitioner fails to show adequate cause, this action will be dismissed without further proceedings.

Dated this 7th day of October, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE