UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUBEN C. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14CV1659 JAR |
| | ) |
| MISSOURI PUBLIC DEFENDER | ) |
| OFFICE, et al., | ) |
| | ) |
| Respondents, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is apparent on the face of the petition that petitioner is not entitled to relief. Therefore, the petition is denied.

Petitioner has completed serving a twenty-five-year prison sentence for first-degree robbery. While he was incarcerated, petitioner brought several successive habeas petitions in this Court challenging the conviction. See, e.g., Jones v. Missouri, 4:09CV1836 ERW (E.D. Mo.). In the instant petition, petitioner names the Missouri Public Defender Office, David Angle, and Emmet D. Queener as respondents. Petitioner claims that his public defender did not show up for court and was therefore ineffective. And petitioner states, in a wholly conclusory manner, that he was falsely imprisoned because the charges were false. Petitioner seeks monetary relief.

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490

U.S. 488, 490-91 (1989). Where, as is the case here, the sentence under challenge has fully expired, the custody requirement is not met. Id. As a result, the Court does not have jurisdiction over the petition, and the Court denies the petition. See Fed. R. Civ. P. 12(h)(3); Rule 4 of the Rules Governing § 2254 Cases.

Additionally, even if petitioner is in custody, the petition should be dismissed as successive because petitioner has not obtained permission from the Court of Appeals to file it.

Finally, the Court notes that even if it were to construe petitioner's false imprisonment claim as a civil action under 42 U.S.C. § 1983, petitioner would not be entitled to relief. A plaintiff may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Where there has been a conviction, false imprisonment claims are barred by Heck. Anderson v. Franklin County, Mo., 192 F.3d 1125, 1131 (8th Cir. 1999). Petitioner has not alleged that his conviction was overturned in state postconviction proceedings. As a result, he may not recover damages on his false imprisonment claim, and the interests of justice do not require the Court to construe this action as falling under § 1983.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 10th day of December, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE